FILED
2017 Mar-24  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 4
# State Court Pleadings

ELECTRONICALLY FILED
7/29/2016 9:43 AM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RASHEDA L. HODGES,**<br>an individual, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )     **CASE NO.:** _____ |
| | ) |
| **WAL-MART STORES INC., a**<br>**foreign corporation;** | )<br>)<br>) |

**FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Rasheda L. Hodges and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Rasheda L. Hodges; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Rasheda L. Hodges, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity  or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness,**

**willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Rasheda L. Hodges, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.**

**)**

**Defendants.** **)**

## COMPLAINT

1.      Plaintiff, Rasheda L. Hodges, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, Wal-Mart Stores, Inc., is a foreign corporation doing business in the State of Alabama and the County of Jefferson.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor and/or walkways located on the defendant's premises in Jefferson County, AL; **No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding floor and/or walkway conditions that were hazardous to Rasheda L. Hodges and other patrons in the store in question in this lawsuit; **No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the floor and/or walkway in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the floor and/or

dock used for travel by the store patrons at the business in question and at issue in this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous floor and/or walkway conditions to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Rasheda L. Hodges; **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; **No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and/or walkway materials present on the premises in question and at issue in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Rasheda L. Hodges, while at the premises involved in the occurrence made the basis of this suit; **No. 8,** whether singular or plural, that entity  or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities which reinsured or provided excess coverage; **No. 13,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; **No. 15,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 16,** being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; **No. 17,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 18,** being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff**,** Rasheda L. Hodges, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4.      On or about the 5th day of August 2014, Plaintiff was an invitee of the Defendant, Wal-Mart Stores, Inc. at their Jefferson County location, situated at 5919 Trussville Crossings Pkwy, Birmingham, AL 35235, which is Wal-Mart Stores, Inc.'s store #: 2731, when Plaintiff, Rasheda L. Hodges, suffered a fall resulting from the negligent/wanton actions of an employee of the Defendant on Defendant's premises.

5.      Defendants, Wal-Mart Stores, Inc., the store owner, and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff, Rasheda L. Hodges, to fall and suffer injuries and damages to her person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions.  Defendants, Wal-Mart Stores, Inc, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of the Defendant, Wal-Mart Stores, Inc., and were negligent and/or wanton in creating a hazard on the floor and/or walkway on the premises in the path of invitee of the Defendant, Wal-Mart Stores, Inc.

6.      As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

- (a.)    Plaintiff suffered severe injuries including but not limited to her left knee, shoulders, and hip;
- (b.)    Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries.
- (c.)    Plaintiff has incurred and will incur in the future medical expenses in treatment of said injuries;
- (d.)    Plaintiff has been caused and will be caused to endure great pain and suffering;
- (e.)    Plaintiff has been caused and will be caused to suffer permanent injury that caused and will cause residual problems;
- (f.)    Plaintiff has been caused to be permanently injured;
- (g.)    Plaintiff has been caused to suffer mental anguish;
- (h.)    Plaintiff has been caused to suffer lost wages;
- (i.)    Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that he either did or did not know of at the time; and
- (j.)    All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7.      On or about the 5th day of August 2014, Plaintiff was an invitee of Defendant, Wal-Mart Stores, Inc., at its premises in Jefferson County, AL, when Plaintiff, Rasheda

L. Hodges, suffered a fall resulting from a defective and/or dangerous condition at the premises.

8.      Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor and/or walkway on their premises and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions.  Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by patrons or invitees.  Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their invitees.

9.      As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.     Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor and/or walkway at their premises and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and/or were negligent and/or wanton in creating a hazard of a dangerous material on the floor in the path of invitees and were  negligent and/or wanton in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to

remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

12.     Defendant, Wal-Mart Stores, Inc., and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to his invitees and did cause injury to Plaintiff.

13.     As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.


## COUNT III – PREMISES LIABILITY

14.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15.     Defendant, Wal-Mart Stores, Inc., and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by its invitees to move around the business.

16.     At the aforesaid time and place, Defendant, Wal-Mart Stores, Inc., and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to shop and use the premises.  Further, if any defects in their owned or leased premises existed, Wal-Mart Stores, Inc., and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place shop and use the premises and by failing to warn her of the hazard and/or defect which she encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.     Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described hereinabove, were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the floor and/or walkway materials, cleaning materials, methods and schedule for cleaning, inspecting and maintaining said premises and for establishing patterns and routes for their invitees to ambulate and/or travel around and about the premises therein and about said premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff fell to be unreasonably dangerous and/or hazardous due to the dangerous materials and condition being present upon the premises and causing a hazard, either in and of itself or in conjunction with the cleaning, maintenance or other procedures used upon the premises or through the schedule of said maintenance or lack of said scheduled maintenance.  Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the premises was maintained and presented to the invitees for their use in ambulating and/or traveling about the premises as they shopped or used otherwise and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

18.     Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff.  Defendant, Wal-Mart Stores, Inc., and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

19.     At the aforesaid time and place, Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

20.     Defendant, Wal-Mart Stores, Inc., and one or more of the fictitious party defendants listed and described in the caption hereinafter, negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

21.     Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct

of Defendants, Wal-Mart Stores, Inc., and the fictitious party defendants listed and described hereinabove.

22.     The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

23.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

24.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

25.     Plaintiff avers and alleges that Fictitious Defendant 1-18 was the agent and employee of Defendant, Wal-Mart Stores, Inc., and consequently, Defendant, Wal-Mart Stores, Inc., and/or other fictitious defendants, are liable for any negligent and/or wanton acts committed by Fictitious Defendant 1-18 while he or she was acting within the line and scope of their employment.

26.     Fictitious Defendant 1-18 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

27.     Fictitious Defendant 1-18 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

28.     As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-18, Wal-Mart Stores, Inc., and/or other fictitious defendants, are liable to the Plaintiff for the damages set forth above in paragraph six (6) under the theories of respondeat superior and agency.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or other fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

Respectfully submitted,

_____
Garrett Dennis (DEN041)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8144
(205) 983-8444- Facsimile
gdennis@asilpc.com

**SERVE DEFENDANT BY CERTIFIED MAIL WITH FILED DISCOVERY AS FOLLOWS:**

Wal-Mart Stores, Inc.
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
7/29/2016 9:43 AM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **RASHEDA L. HODGES,** ) | |
| an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** _____ |
| ) | |
| ) | |
| **WAL-MART STORES, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

**PLAINTIFF'S INTERROGATORIES TO
DEFENDANT WAL-MART STORES, INC.**

---

**COMES NOW,** Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, Wal-Mart Stores, Inc., the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which:  (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

<u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at the Jefferson County Wal-Mart, located at 5919 Trussville Crossings Pkwy, Birmingham, AL 35235; which caused injury to Rasheda L. Hodges.

**INTERROGATORIES**

1.      Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

        **RESPONSE:**

2.      Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

        **RESPONSE:**

3.      Please state the most current information regarding the name, address and telephone number of every employee who worked on August 5, 2014, at the Jefferson County Wal-Mart, located at 5919 Trussville Crossings Pkwy, Birmingham, AL 35235; where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

        **RESPONSE:**

4.      Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

        **RESPONSE:**

5.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

        **RESPONSE:**

6.      Please identify the person, who caused the Plaintiff to fall.

      **RESPONSE:**


7.      Please state whether you had any warning signs posted in the vicinity where Plaintiff, Rasheda L. Hodges, fell at the time of Plaintiff, Rasheda L. Hodges's injury.

      **RESPONSE:**


8.      If you contend that warning signs were posted, please state the substance and location of each sign.

      **RESPONSE:**


9.      Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

      **RESPONSE:**


10.     Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

      **RESPONSE:**

11.     If you contend that Plaintiff, Rasheda L. Hodges, was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

        **RESPONSE:**


12.     If you contend that Plaintiff, Rasheda L. Hodges, assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

        **RESPONSE:**


13.     If you contend the hazard which caused Plaintiff, Rasheda L. Hodges, to fall was open and obvious, then please state each and every fact upon which you rely.

        **RESPONSE:**


14.     Please state in detail the work schedule, at the time of this incident, for the employee who caused the Plaintiff to fall.

        **RESPONSE:**


15.     Please state whether you have any policy, procedure or safety program instituted regarding maintaining your store's floors, walk-ways and shelving in a safe condition.  If so, please state the substance of said policy, procedure or safety program.

        **RESPONSE:**

16.     Please state precisely and descriptively the location in the store where the event made the basis of this suit occurred.

        **<u>RESPONSE:</u>**

17.     Please identify by name and address the individual responsible for answering these interrogatories.

        **<u>RESPONSE:</u>**

18.     Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

        **<u>RESPONSE:</u>**

19.     Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

        **<u>RESPONSE:</u>**

20.     For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

        **<u>RESPONSE:</u>**

21.     Please state the manager on duty at the time of the incident made the basis of this

lawsuit.

        **RESPONSE:**

                                      Respectfully Submitted,

                                      _____

                                      Garrett Dennis (DEN041)
                                      Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8144
(205) 983-8444- Facsimile

        **PLEASE SERVE THE FOREGOING DISCOVERY WITH THE COMPLAINT**

ELECTRONICALLY FILED
7/29/2016 9:43 AM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RASHEDA L. HODGES,<br>an individual, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)     **CASE NO.:** _____ |
| | )<br>) |
| WAL-MART STORES, INC., et al., | )<br>) |
| **Defendants.** | )<br>) |

---

## PLAINTIFF'S REQUEST FOR ADMISSION TO
## DEFENDANT WAL-MART STORES, INC.

---

**COMES NOW,** Plaintiff, Rasheda L. Hodges, and hereby propounds the following Request for Admissions with regard to the above-styled cause of action:

1.     Please admit or deny that employees of Defendant are to undergo safety briefing, including guidelines for maintaining.

2.     Please admit or deny that the person(s) cleaning, maintaining, and responsible for aisles, shelving and floors at the location of the incident made the basis of this lawsuit did not undergo any type of safety training.

3.     Please admit or deny that no warnings were used around the location of the incident made the basis of this lawsuit on the occasion made the basis of this suit.

4.     Please admit or deny that shoppers were not directed away from this hazardous condition on the occasion made the basis of this lawsuit.

5.     Please admit or deny that no signs were placed at the location of the incident made the basis of this lawsuit which warned shoppers of the deceptive, defective and unreasonably

dangerous condition of said aisle, walk-way, floor or shelving.

6.      Please admit or deny that an incident report was created regarding the incident made the basis of this lawsuit.

7.      Please admit or deny that the Defendant did not train the employees overseeing the cleaning, maintenance, and upkeep of the aisle at the location of the incident made the basis of this lawsuit in proper safety procedures for proper upkeep of the aisle, walk-way, floor or shelving.

8.      Please admit or deny that the Defendant or any of its employees/agents gave the Plaintiff, Rasheda L. Hodges, no warning of the deceptive, defective and unreasonably dangerous condition on the occasion made the basis of this lawsuit.

9.      Please admit or deny that the Defendant has no written policies, rules or procedures regarding the cleaning, maintenance, and upkeep of aisles, walk-ways, floors or shelving.

10.     Please admit or deny that the Defendant has no oral policies, rules or procedures regarding the cleaning, maintenance, and upkeep of aisles, walk-ways, floors or shelving.

11.     Please admit or deny that the Defendant engaged in further repairs to aisles, walk-ways, floors or shelving at the location made the basis of this lawsuit after the incident made the basis of this lawsuit occurred.

12.     Please admit or deny that the incident made the basis of this lawsuit occurred on August 5, 2014.

Respectfully Submitted,

_____
Garrett Dennis (DEN041)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.

3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8144
(205) 983-8444- Facsimile


**PLEASE SERVE THE FOREGOING DISCOVERY WITH THE COMPLAINT**

ELECTRONICALLY FILED
1/29/2016 9:43 AM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **RASHEDA L. HODGES,** | ) | |
| an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: _____** |
| | ) | |
| **WAL-MART STORES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART STORES, INC.

---

**COMES NOW,** Plaintiff in the above-styled cause and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE propounds to Defendant, Wal-Mart Stores, Inc., the following requests for production to be answered and responded to within the next thirty (30) days.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

## RESPONSE:

2.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**

3.      Please produce a copy of any still color photographs taken of Plaintiff, Rasheda L. Hodges, at any time since the incident that is the basis of this suit.

**RESPONSE:**

4.      Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors, walk-ways and shelving within Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

**RESPONSE:**

5.      Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**

6.      Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on August 5, 2014.

**RESPONSE:**

7.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff, Rasheda L. Hodges.

**<u>RESPONSE:</u>**

8.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**<u>RESPONSE:</u>**

9.      Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, Rasheda L. Hodges, or her representative or between your representative and Plaintiff, Rasheda L. Hodges, occurring before Plaintiff filed this lawsuit.

**<u>RESPONSE:</u>**

10.      Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**<u>RESPONSE:</u>**

11.      Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**<u>RESPONSE:</u>**

12.      Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**


13.     Please produce a complete and accurate copy of any and all policies of insurance

which will or may provide coverage to this Defendant in the subject litigation.

**RESPONSE:**


14.     Please produce a copy of all records obtained regarding Plaintiff.  [You have a

continuing duty to supplement this request.  Additionally, please consider this a formal request for

all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

**RESPONSE:**


Respectfully Submitted,


_____

Garrett Dennis (DEN041)
Attorney for Plaintiff



**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8144
(205) 983-8444- Facsimile




**PLEASE SERVE THE FOREGOING DISCOVERY WITH THE COMPLAINT**

ELECTRONICALLY FILED
9/2/2016 4:57 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **RASHEDA L. HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL ACTION NO. CV-2016-902769** |
| **WAL-MART STORES, INC., et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER

**COMES NOW WAL-MART STORES EAST, L.P., designated in the Complaint as WAL-MART STORES, INC.  (hereinafter "WAL-MART")**, the Defendant in the above-styled cause, and in response to the Plaintiff's Complaint and to each count and paragraph thereof, separately and severally, states as follows:

## COMPLAINT

1.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint

2.     Admitted.

3.     There is no response required of this Defendant.  To the extent this paragraph asserts any allegation against the Defendant, it is denied.

4.     Based on information and belief, it is admitted that the subject incident occurred August 5, 2014 and that the Plaintiff was a business invitee of the Trussville Wal-Mart Store at the time of the subject incident.  It is denied that the Plaintiff suffered a fall as the result of alleged negligence or wantonness on the part of the Defendant.

5.      Denied.

6.      Denied.

## COUNT I-NEGLIGENCE

7.      Based on information and belief, it is admitted that the subject incident occurred August 5, 2014 and that the Plaintiff was a business invitee of the Trussville Wal-Mart Store at the time of the subject incident. It is denied that there was a defective or dangerous condition of the premises about which the Defendant had notice prior to the subject incident.

8.      Denied.

9.      Denied.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 9 of the Complaint.

## COUNT II - RECKLESSNESS AND WANTONNESS

10.      Defendant adopts and incorporates by reference its response to all previous paragraphs as if fully set out herein.

11.      Denied.

12.      Denied.

13.      Denied.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 13 of the Complaint.

## COUNT III - PREMISES LIABILITY

14.      Defendant adopts and incorporates by reference its response to all previous paragraphs as if fully set out herein.

15.      Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 23 of the Complaint.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

24.     Defendant adopts and incorporates by reference its response to all previous paragraphs as if fully set out herein.

25.     There is no response required of this Defendant.  To the extent this paragraph asserts any allegation against the Defendant, it is denied.

26.     There is no response required of this Defendant.  To the extent this paragraph asserts any allegation against the Defendant, it is denied.

27.     There is no response required of this Defendant.  To the extent this paragraph asserts any allegation against the Defendant, it is denied.

28.     Denied.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 28 of the Complaint.

## ADDITIONAL DEFENSES

The Defendant asserts the following additional defenses, reserving the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate as discovery progresses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Defendant denies each and every material averment of the Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## FOURTH DEFENSE

The Defendant denies that it was guilty of wantonness as is alleged in the Complaint and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## FIFTH DEFENSE

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

## SIXTH DEFENSE

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

## SEVENTH DEFENSE

The Defendant avers that the Plaintiff was herself guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on her part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## EIGHT DEFENSE

The Defendant denies that the Plaintiff was injured to the nature and extent claimed and demands strict proof thereof.

## NINTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## TENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWELFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no

person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FOURTEENTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### FIFTEENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

## EIGHTEENTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

## NINETEENTH DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

## TWENTIETH DEFENSE

The Defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

## TWENTY-FIRST DEFENSE

The Defendant contends that the Plaintiff assumed the risk of injury and damage, and is thereby barred from recovery.

## TWENTY- SECOND DEFENSE

The Defendant asserts that the Plaintiff has failed to mitigate damages as is required by law.

## TWENTY-THIRD DEFENSE

The Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to the Plaintiff.

### TWENTY-FOURTH DEFENSE

The Defendant avers that some or all of Plaintiff's claims are barred by release, laches, waiver, set off and/or estoppel.

### TWENTY-FIFTH DEFENSE

The Defendant denies that it had actual or constructive notice of any alleged unsafe condition as is alleged in the Complaint.

### TWENTY-SIXTH DEFENSE

The Defendant reserves the right to amend its Answer to add additional defenses.

/s/ Marda W. Sydnor
MARDA W. SYDNOR
Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone:    (205) 326-6600
Facsimile:    (205) 324-7097
msydnor@pljpc.com

**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS  CAUSE.**

/s/ Marda W. Sydnor
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been electronically filed this the __2nd__ day of September, 2016, with the Clerk of Court using the AlaFile system which will send notification of such filing to the following:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

/s/ Marda W. Sydnor
OF COUNSEL

ELECTRONICALLY FILED
9/2/2016 5:08 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **RASHEDA L. HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO: CV- 2016-902769** |
| | ) | |
| **WAL-MART STORES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION FOR HIPAA ORDER

**COMES NOW WAL-MART STORES EAST, L.P.**, designated in the Complaint as **WAL-MART STORES, INC.,** the Defendant in the above-styled cause, and moves the Court for a Qualified Protective Order to allow parties to obtain from all health care providers and health plans all information relating to the past, present or future physical condition of any individual who is a party to the case (or, the decedent of a party),as well as all information relating to the provision of health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C. F. R. § 164.512(e)(1).

s/Marda W. Sydnor
Marda W. Sydnor
Attorney for Defendant

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600
msydnor@pljpc.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing has been electronically filed this the 2nd day of  September, 2016 with the Clerk of Court using the AlaFile system which will send notification of such filing to the following:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL  35222
gdennis@asilpc.com

                                          s/Marda W. Sydnor
                                          OF COUNSEL



AlaFile E-Notice

01-CV-2016-902769.00

To:   MARDA W. SYDNOR
      msydnor@pljpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following discovery was FILED on 9/2/2016 6:25:01 PM

Notice Date:     9/2/2016 6:25:01 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/2/2016 6:24 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RASHEDA L. HODGES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **CIVIL ACTION NO. CV-2016-902769** |
| **WAL-MART STORES, INC., et al.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

---

## DEFENDANT WAL-MART STORES EAST, L.P.'S
## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

**COMES NOW WAL-MART STORES EAST, L.P., designated in the Complaint as WAL-MART STORES INC., (hereinafter "WAL-MART")**, the Defendant in the above-styled cause, by and through its attorney, and gives notice of filing the following discovery documents and serving a copy of same upon all attorneys of record:

[X]  Defendant's Response to Plaintiff's Request for Admissions

This the 2nd day of September, 2016.

/s/ Marda W. Sydnor
MARDA W. SYDNOR
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the clerk of the court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

Done this 2nd day of September, 2016.

/s/ Marda W. Sydnor
OF COUNSEL



AlaFile E-Notice

01-CV-2016-902769.00

To:   MARDA W. SYDNOR
      msydnor@pljpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following discovery was FILED on 9/2/2016 5:23:23 PM

Notice Date:      9/2/2016 5:23:23 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/2/2016 5:22 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES,                    )
                                      )
      Plaintiff,                    )
                                      )
vs.                                   )
                                      )    CIVIL ACTION NO. CV-2016-902769
WAL-MART STORES, INC., et al.,        )
                                      )
      Defendant.                    )
                                      )

---

### DEFENDANT WAL-MART STORES EAST, L.P.'S
### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

     **COMES NOW WAL-MART STORES EAST, L.P., designated in the Complaint as WAL-MART STORES INC., (hereinafter "WAL-MART")**, the Defendant in the above-styled cause, by and through its attorney, and gives notice of filing the following discovery documents and serving a copy of same upon all attorneys of record:

[X]  Defendant's First Interrogatories to Plaintiff.

[X]  Defendant's First Request for Production of Documents to Plaintiff.

[X]  Defendant's Request for Admissions to Plaintiff.

[X]  Defendant's Notice Scheduling Deposition of Plaintiff Rasheda L. Hodges for November 10, 2016 along with Request for Production of Documents to be produced at deposition.

     This the 2nd day of September, 2016.

                               /s/ Marda W. Sydnor
                               MARDA W. SYDNOR
                               Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the clerk of the court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

Done this 2nd day of September, 2016.

/s/ Marda W. Sydnor
OF COUNSEL



**AlaFile E-Notice**

01-CV-2016-902769.00

Judge: ELISABETH A FRENCH

To:   MARDA W. SYDNOR
      msydnor@pljpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following matter was FILED on 9/2/2016 6:35:51 PM

**D001 WAL-MART STORES, INC.**

JOINT MOTION FOR PROTECTIVE ORDER

[Filer: SYDNOR MARDA WALTERS]

Notice Date:      9/2/2016 6:35:51 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/2/2016 6:35 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# STATE OF ALABAMA
**Revised 3/5/08**

**Unified Judicial System**

01-JEFFERSON

☐ District Court ☑ Circuit Court

CV20...

Case...

| RASHEDA L. HODGES V. WAL-MART STORES, INC. | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* D001 - WAL-MART STORES, INC. |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

MARDA W. SYDNOR

POST OFFICE BOX 661228

BIRMINGHAM, AL 35266

*Attorney Bar No.:* SYD001

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Joint Motion for Protective Order |
| | pursuant to Rule N/A   (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>9/2/2016 6:33:57 PM | Signature of Attorney or Party<br>/s/ MARDA W. SYDNOR |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/2/2016 6:35 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RASHEDA L. HODGES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION NO: CV-2016-902769** |
| | ) |
| **WAL-MART STORES INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

_____

### JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
_____

**COME NOW** the Plaintiff and the Defendant in the above-styled cause, and move this Court to enter a Stipulated Protective Order based on the following:

1.      Defendant anticipates producing certain proprietary documents which may include policies and training materials in response to Plaintiff's discovery requests.

2.      The parties request that the attached Stipulated Protective Order be entered with regard to documents being produced in this matter.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff and the Defendant pray that this Court will enter the attached Stipulated Protective Order for documents to be produced by Defendants in this case.

This the  _2nd__  day of September, 2016.

/s/ Garrett Dennis_____.
**GARRETT DENNIS**
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 1ST Avenue South
Birmingham, AL 35233
gdennis@aslipc.com

/s/ Marda W. Sydnor
MARDA W. SYDNOR
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600
msydnor@pljpc.com

ELECTRONICALLY FILED
9/2/2016 6:35 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| HODGES RASHEDA L. | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2016-902769.00 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Stipulated Motion for Protective Order submitted by the parties.  The Stipulated Motion for Protective Order is hereby **GRANTED**, and the Court enters the following:

1.    The Stipulated Protective Order shall be entered pursuant to the *Alabama Rules of Civil Procedure.*

2.    The Stipulated Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)    Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

(b)    Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)    Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.    In the case of documents and the information contained therein, designation of

Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents designated Confidential.

4.      Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.      Qualified recipients shall include only the following:

  (a)      In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

  (b)      Deposition notaries and staff;

  (c)      Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

  (d)      Deponents during the course of their depositions or potential witnesses of this case; and

  (e)      The parties to this litigation, their officers and professional employees.

6.      Each counsel shall be responsible for providing notice of the Stipulated Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Stipulated Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have

Confidential status during the pendency of any such motion.

7.      No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.      All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.      Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11.      Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12.      Nothing in the Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13.      The Clerk of Court will forward a certified copy of the Protective Order to all counsel of record.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE



AlaFile E-Notice

01-CV-2016-902769.00

Judge: ELISABETH A FRENCH

To:   SYDNOR MARDA WALTERS
      msydnor@pljpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following matter was FILED on 9/8/2016 12:49:13 PM

Notice Date:      9/8/2016 12:49:13 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/8/2016 12:49 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RASHEDA L. HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CASE NO. CV 16-902769-EAF** |
| | ) |
| WAL-MART STORES INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is hereby placed on the STANDARD TRACK ASSIGNMENT and a Status Conference is set in this matter on **October 7, 2016, at 9:30 a.m**. in Room 610, Jefferson County Courthouse, 716 North Richard Arrington Jr. Blvd., Birmingham, Alabama 35203.  All counsel shall appear at this time.  The Court will not hear any other issue in this case aside from entering a scheduling order.

Plaintiff's failure to appear shall result in its claims being dismissed.  Defendant's failure to appear shall result in their claims being dismissed, defenses and responsive pleadings stricken, an order finding Defendant in default, and the prompt setting of a hearing for Plaintiff to prove damages.

DONE and ORDERED this 8th  day of September, 2016.

/s/ Elisabeth A. French
ELISABETH A. FRENCH
CIRCUIT JUDGE

EAF/pc
cc:   all parties



**AlaFile E-Notice**

01-CV-2016-902769.00

Judge: ELISABETH A FRENCH

To:  SYDNOR MARDA WALTERS
     msydnor@pljpc.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

A court action was entered in the above case on 9/8/2016 12:49:55 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            EAF

Notice Date:      9/8/2016 12:49:55 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/8/2016 12:49 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, A[LABAMA]

| | |
|---|---|
| RASHEDA L. HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  __CASE NO. CV 16-902769-EAF__ |
| | ) |
| WAL-MART STORES INC., | ) |
| | ) |
| Defendant. | ) |

### HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under §164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this 8th day of September, 2016.

/s/ Elisabeth A. French
ELISABETH A. FRENCH
CIRCUIT JUDGE

ELECTRONICALLY FILED
9/8/2016 12:50 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RASHEDA L. HODGES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO: CV-2016-902769** |
| | ) |
| **WAL-MART STORES INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

_____

### STIPULATED PROTECTIVE ORDER
_____

This matter comes before the Court on the Stipulated Motion for Protective Order submitted by the parties.  The Stipulated Motion for Protective Order is hereby **GRANTED**, and the Court enters the following:

1.      The Stipulated Protective Order shall be entered pursuant to the *Alabama Rules of Civil Procedure.*

2.      The Stipulated Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)      Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

(b)      Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)     Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d)     Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.      In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents designated Confidential.

4.      Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.      Qualified recipients shall include only the following:

(a)     In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)     Deposition notaries and staff;

(c)     Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)     Deponents during the course of their depositions or potential witnesses of this case; and

(e)     The parties to this litigation, their officers and professional employees.

6.      Each counsel shall be responsible for providing notice of the Stipulated Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Stipulated Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7.      No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.      All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.     Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12.     Nothing in the Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DONE and ORDERED this 8th day of September, 2016.

/s/ Elisabeth A. French
ELISABETH A. FRENCH
CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2016-902769.00

Judge: ELISABETH A FRENCH

To:  SYDNOR MARDA WALTERS
     msydnor@pljpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following matter was FILED on 10/11/2016 1:18:18 PM

Notice Date:      10/11/2016 1:18:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
10/11/2016 1:18 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CIVIL DIVISION

| | |
|---|---|
| **RASHEDA L. HODGES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   <u>**CASE NO. CV 16-902769-EAF**</u> |
| | ) |
| **WAL-MART STORES INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>SCHEDULING ORDER AND TRIAL SETTING</u>

As a result of the Status Conference, the following is ordered:

1. This case is assigned to the **<u>Standard</u>** track.

2. **The case is set for   (Jury)   trial on <u>October 23, 2017,</u> at 9:00 a.m. in Courtroom <u>610</u>, Jefferson County Courthouse, Birmingham. The provisions of Exhibit A attached hereto apply to the trial of this action.**

This case **shall** be disposed of on or before the trial date, unless the court grants a timely filed Motion for Continuance for good cause shown. The parties are advised that the fact that the trial setting is a first setting, that the parties have agreed to a continuance, that discovery has not been completed, or other such reasons will **not** be considered "good cause."

A party desiring a court reporter in attendance at any hearing during the pendency of this cause must request a reporter by advising the Court's staff no later than **4 days before the hearing.** The party making such request must assume, and by this Order agrees to assume, the responsibility for payment directly to the court reporter for all costs and expenses attendant to the reporter's services at the hearing, in the absence of an agreement by the parties to share this financial responsibility jointly.

3. All parties shall be noticed for their depositions so that the depositions may take place and be completed no later than **(May 11, 2017)**. All other fact discovery, including all depositions, shall be initiated in time to be completed by **(August 14, 2017), the discovery cut-off date.**

4. The parties must be mindful of their discovery obligations. Discovery requests must be neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. Objections are deemed waived if not timely asserted in response to discovery requests. Objections must be specifically tailored to the request at issue – general or boilerplate objections shall be given no effect. All requests for admission that are not

timely denied are deemed admitted.  The parties must also heed Ala.R.Civ.P. 37(a)(4), which generally authorizes an award of attorneys' fees to the successful party upon adjudication of a Rule 37 motion.  Failure to comply with an order compelling responses to discovery will lead to the imposition of further sanctions.

5.  Plaintiff(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case by **(N/A)**.  Said witness shall be made available for deposition by Defendant(s) by **(N/A)**.

6.  Defendant(s) shall provide the names and Rule 26 information of any expert witness(es) expected to be used at the trial of this case by **(N/A)**.  Said witness shall be made available for deposition by Plaintiff(s) by **(N/A)**.

7.   If expert disclosures are mandated pursuant to paragraphs 6 and 7 above, they are to be with the specificity needed to make such disclosures truly meaningful.  In accordance with Ala.R.Civ.P. 26, each such disclosure must (1) state the subject matter on which the expert is expected to testify; (2) provide all opinions and conclusions that the expert will offer at trial; and (3) describe in detail the factual basis for each such opinion and conclusion.  Any disclosure failing to meet this standard may be stricken, thereby precluding the use of such expert.

8.  Any amendments to add parties to the pleadings must be filed no later than **60 days prior to the designated trial date**.  Other amendments to pleadings require leave of Court.

9.  The provisions of Exhibit B attached hereto apply to motions filed in this action.  Motions for Summary Judgment or other dispositive motions must be filed on or before **60 days prior to the designated trial date.**

10.  A Status/Settlement/Pre-Trial Conference is set for:

Status Conference: _____

Settlement Conference: _____

Pre-Trial Conference: **_____**

or may be set at the request of either party.  All lawyers, parties, or other persons with binding settlement authority shall be present at any Settlement Conference, and the parties shall provide the Court with a statement of impediments to settlement at the outset of the conference.

11.   The *Birmingham Differential Case Management Plan* is incorporated into this Scheduling Order by reference.  A copy of the *Birmingham Differential Case Management Plan* can be found at http://10jc.alacourt.gov.

12.      Special provisions applying to this case:

_____
_____
_____


DONE and ORDERED this 11th day of October, 2016.

/s/ Elisabeth A. French
ELISABETH A. FRENCH
CIRCUIT JUDGE

cc: all parties

## EXHIBIT A

*The following provisions shall apply to the trial of this action:*

1.  The parties are to exchange the following items so that each party has received the other's items no later than **14 calendar days** before the trial of this case:

(A)   Itemizations of all damages claimed, showing the amount and, if applicable, the methodology used to compute all such damages.

(B)   Witness lists stating the names and addresses of specific individuals who are expected to testify at trial. While identification of an individual does not obligate the party to call that individual as a witness, any individual not identified will be precluded from testifying at trial without leave of Court, which will be granted only for good cause shown. The obligations of this sub-paragraph do not pertain to rebuttal witnesses the identities of whom cannot reasonably be foreseen ahead of trial.

(C)   Exhibit lists identifying *with specificity and particularity* all documents, photographs and other tangible exhibits that the parties intend to use at trial. Exhibits so identified are to be made readily available to any party requesting the opportunity to review and copy. Any exhibit not identified *with specificity and particularity* will not be admitted into evidence without leave of Court, which will be granted only for good cause shown.

2.  Unless objections are filed and served no later than **12 calendar days** before trial, each party shall be deemed to have no objection to the competence of every individual identified in witness lists to testify and to the authenticity and admissibility of every item identified in the exhibit lists. Should any objection be filed and served, the party raising it shall state the basis of the objection.

3.  In jury cases, no later than **14 calendar days** before trial, the parties shall file and serve any motions *in limine*. Further, by **7 calendar days** before trial, any proposed jury instructions and verdict forms shall be submitted to the Court.

4.  The parties are to provide "courtesy copies" of all papers identified in paragraphs 1-3 above by delivering them to the chambers of the undersigned when the originals are filed with the Clerk of the Court. Parties may submit "trial briefs," although such briefs are not required. Any such brief should, in fact, be truly brief.

5.  The parties are encouraged to consider using, and preparing, written stipulations of fact, so that a jury may focus on the actual factual dispute remaining for adjudication by trial.

6.  All exhibits, properly identified and without objection (or with objections overruled), are to be pre-marked and will be admitted at the beginning of trial.

7.  Counsel are reminded that a party desiring a court reporter in attendance at the trial of this cause must specifically request a reporter by advising the Court's chambers no later than **4 days before the trial.** The party making such request must assume, and by this order agrees to assume, the responsibility for payment directly to the court reporter for all costs and expenses attendant to the reporter's services at trial, in the absence of an agreement by the parties to share this financial responsibility jointly.

## EXHIBIT B

## MOTION PROVISIONS

*The following provisions apply to motions filed in this action:*

1.  If a hearing is requested, the date and time for hearing all motions shall be obtained from the Judge's office **before** filing such motions. Notice of the hearing date and time shall be prominently shown on the first page of the motion, in the style of the case underneath the civil action number.

2.  Paper copies of any materials in support of motions, including briefs, in excess of 10 pages must be provided to the Judge's office. Courtesy copies shall be delivered no later than **2 business days** before the hearing.

3.  No materials electronically filed less than **2 business days** prior to a hearing date will be considered by the Court.  No material hand delivered to the Judge's office less than **2 business days** prior to the hearing date will be considered by the Court.

4.  Proposed orders shall not be filed with or attached to motions, but shall be submitted to the Court's designated email address in the format preferred by the individual judge.  If the lines below are blank or if the email address is no longer active, the pertinent information may be obtained by calling the Judge's office.

**Email: Elisabeth.french@alacourt.gov**
**        Pat.case@alacourt.gov**
**Preferred format: [Microsoft Word]**

5.  The Court encourages the parties to engage in voluntary mediation at any time so long as the mediation does not result in a delay of any dates set in the Scheduling Order.  Any motion for mandatory mediation must be filed within **42 days** of this order.

6.  No pleading or motion shall be filed by facsimile.  No copies shall be sent to the Judge by facsimile unless specifically requested.

7.   Counsel are reminded that a party desiring a court reporter in attendance at any hearing in this cause must request a reporter by advising the Court's staff no later than **4 days before the hearing.**   The party making such request must assume, and by this Order agrees to assume, the responsibility for payment directly to the court reporter for all costs and expenses attendant to the reporter's services at the hearing, in the absence of an agreement by the parties to share this financial responsibility jointly.

## EXHIBIT C

**THE PARTIES SHOULD REFER TO THE SCHEDULING ORDER FOR THE TRACK ASSIGNMENT AND ALL DISCOVERY DEADLINES.**

### EXPEDITED TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery limits apply to these cases:

No depositions will be allowed absent order of the court. Additionally, a limit of 50 single-part paper discovery request items will be allowed for each party whether involving interrogatories, request for production, or request for admission. All discovery must comply with deadlines established by the Court's Scheduling Order.

### STANDARD TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery limits apply to these cases:

Discovery will be limited to six depositions per party. Additionally, each party will be limited to 100 single-part discovery request items whether involving interrogatories, requests for production, or requests for admission. All discovery must comply with the deadlines established by the Court's Scheduling Order. A party may request relief from the discovery limitations in standard track cases.

### STANDARD AND COMPLEX TRACK

Pursuant to the *Birmingham Differential Case Management Plan*, the following discovery provisions apply to these cases:

In the event there is a dispute over the order in which depositions are to be taken, a defendant issuing a deposition notice contemporaneously with the defendant's initial appearance shall be entitled to conduct a party plaintiff's deposition first. Otherwise, the party who issued a deposition notice first should be permitted to conduct that deposition prior to any other depositions being taken. The attorneys are encouraged to work among themselves, without the need for court intervention, if changes in deposition scheduling become necessary.

With respect to Rule 30(b)(6) of the Alabama Rules of Civil Procedure, if corporate representatives are not located within the State of Alabama, a party being asked to tender such representatives for deposition will be expected to produce only one such representative in Jefferson County, Alabama absent agreement of the parties to the contrary, or unless otherwise ordered. Any further depositions of additional corporate representatives would be expected to be held at the deponents' location. Should the party for whom the representative will be testifying reasonably question the court's personal jurisdiction, this party may object to producing a witness in Jefferson County until the issue is resolved.

ELECTRONICALLY FILED
10/11/2016 1:18 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY,

| | |
|---|---|
| RASHEDA L. HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CASE NO. CV 16-902769-EAF** |
| | ) |
| WAL-MART STORES INC., | ) |
| | ) |
| Defendant. | ) |

## MEDIATION ORDER

1.  This case will be tried on **October 23, 2017**, if not settled by that date through mediation or otherwise.

2.  Allison O. Skinner is hereby appointed as Mediator in this cause.  All parties, principals, insurers and counsel will cooperate in the mediation process.  At any mediation meeting to be attended by opposing parties, each party must have present a representative who has absolute authority over that party's ability to settle. Attendance must be in person and not by telephone.  Failure to attend as Ordered may result in substantial sanctions being imposed by the Court.

3.  If any party is or becomes dissatisfied with the mediator, that party, either through counsel or directly if pro se, shall confer informally with all other counsel and pro se parties and apply to the Court for an appointment.  In the event the Court changes mediators, the outgoing mediator shall be entitled to accrued reasonable fees and expenses to date.

4. The mediator's charges will be borne equally among all parties and each party's share will be equal to the reciprocal of the total number of parties involved. The mediator's statement to the parties for services rendered and expenses incurred shall be itemized as to time and expenses.

5.  Mediation **shall not stay** any pre-trial activity.  In the event that mediation is unsuccessful, the trial shall proceed as scheduled.

6.  Mediation shall be completed on or before **July 3, 2017.**

7.  The mediator shall report the progress or status of the mediation to the Court on or before **July 17, 2017.**

DONE AND ORDERED this the 11<u>th</u>   day of October, 2016.

/s/ Elisabeth A. French
ELISABETH A. FRENCH
CIRCUIT JUDGE

EAF/pc
cc:   Garrett Dennis, Esq.
Marda W. Sydnor, Esq.
Allison O. Skinner, Esq.

ELECTRONICALLY FILED
10/19/2016 4:13 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RASHEDA L. HODGES,         ) | |
|         ) | |
|     **Plaintiff,**    ) | |
|         ) | |
| **vs.**        ) | **CIVIL ACTION NO. CV-2016-902769** |
|         ) | |
| **WAL-MART STORES, INC., et al.,**  ) | |
|         ) | |
|     **Defendants.**    ) | |
|         ) | |

---

## DEFENDANT WAL-MART STORES EAST, L.P.'S
## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

**COMES NOW WAL-MART STORES EAST, L.P.,** designated in the Complaint as **WAL-MART STORES INC., (hereinafter "WAL-MART")**, the Defendant in the above-styled cause, by and through its attorney, and gives notice of filing the following discovery documents and serving a copy of same upon all attorneys of record:

[X]  Defendant's Response to Plaintiff's First Interrogatories

[X]  Defendant's Response to Plaintiff's First Request for Production of Documents

___

      This the 19th day of October, 2016.

                           /s/ Marda W. Sydnor
                           MARDA W. SYDNOR
                           Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing pleading with the clerk of the court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

Done this 19th day of October, 2016.

/s/ Marda W. Sydnor
OF COUNSEL

ELECTRONICALLY FILED
11/9/2016 2:05 PM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **RASHEDA L. HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL ACTION NO. CV-2016-902769** |
| **WAL-MART STORES, INC., et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT WAL-MART STORES EAST, L.P.'S
NOTICE OF SERVICE OF DISCOVERY DOCUMENTS**

COMES NOW **WAL-MART STORES EAST, L.P.,** designated in the Complaint as **WAL-MART STORES INC.,** (hereinafter "**WAL-MART**"), the Defendant in the above-styled cause, by and through its attorney, and gives notice of filing the following discovery documents and serving a copy of same upon all attorneys of record:

[X] Defendant's Notice of Deposition of Plaintiff Rasheda Hodges for December 8, 2016 with Request for Production of Documents to be produced at deposition

This the 9th day of November, 2016.

/s/ Marda W. Sydnor
MARDA W. SYDNOR
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway
300 Shelby Building
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the clerk of the court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

Done this 9th day of November, 2016.

/s/ Marda W. Sydnor
OF COUNSEL



AlaFile E-Notice

01-CV-2016-902769.00

To: MARDA W. SYDNOR
msydnor@pljpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RASHEDA L. HODGES V. WAL-MART STORES, INC.
01-CV-2016-902769.00

The following discovery was FILED on 3/14/2017 9:10:11 AM

Notice Date:     3/14/2017 9:10:11 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
3/14/2017 9:10 AM
01-CV-2016-902769.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RASHEDA L. HODGES , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION CV-2016-902769 |
| | ) |
| WAL-MART STORES, INC., ET AL , | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WAL-MART STORES EAST, L.P.'S
## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

COMES NOW WAL-MART STORES EAST, L.P., designated in the Complaint as

WAL-MART STORES, INC., the Defendant in the above-styled cause, by and through its

attorney, and gives notice of filing the following discovery documents and serving a copy of same

upon all attorneys of record:

☒ Notice of Intent to Serve Non-Party Rule 45 Subpoena:
 Wal-Mart Pharmacy – Trussville
 Vitalogy Wellness Center
 MedPlexMD Injury
 Andrews Sports Medicine & Ortho Center
 Brookwood Medical Center
 Alabama Orthopedic, Spine & Sports Medicine Associates

This the ____14th____ day of March, 2017.

/s/ Marda W. Sydnor_____
MARDA W. SYDNOR
Attorney for Defendant Wal-Mart Stores East, L.P.

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
205-326-6600
msydnor@pljpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Mr. Garrett Dennis
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
gdennis@aslipc.com

This the ____14th____ day of March, 2017.

/s/ Marda W. Sydnor
OF COUNSEL