UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASHEDA L. HODGES, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:17-cv-00459-SGC |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER[1]

This matter—arising from a slip-and-fall—was removed to this court from the Circuit Court of Jefferson County on the basis of federal diversity jurisdiction. (Doc. 1). Presently pending is the motion for summary judgment filed by the defendant, Wal-Mart Stores, Inc. (Doc. 17). The plaintiff, Rasheda L. Hodges, responded within the time provided in the court's initial order. (Doc. 21; *see* Doc. 9 at 4). Wal-Mart has not filed a reply, and the time to do so has expired. Accordingly, this matter is ripe for adjudication. For the reasons that follow, the motion for summary judgment is due to be granted in part.

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 7).

## I. STANDARD OF REVIEW

Under Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence

is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

## II. FACTS

On the morning of August 5, 2014, the plaintiff visited the Trussville Wal-Mart, as she had many times before. (Doc. 18 at 2). It was a dry day. (*Id.* at 4). Because she was only picking up a couple of items, the plaintiff did not retrieve a shopping cart. (*Id.* at 3). After entering the store, the plaintiff proceeded to the bakery department, which is located directly in front of the produce department. (*Id.* at 2-3). After selecting a lemon cake from a display table, the plaintiff walked to the produce department to pick out some bananas. (*Id*. at 3). The store was not crowded and was well lit, and the plaintiff's view of the floor was unobstructed. (*Id*. at 3-4). However, the plaintiff has no memory of looking down at the floor at any time prior to her fall. (*Id.* at 4-5).

As the plaintiff left the area of the banana display, both of her feet slipped out from under her, causing her to fall backwards on the floor. (Doc. 18 at 4). After the plaintiff fell, she noticed a puddle of clear, unscented liquid—presumably water—on the floor near her feet. (*Id*. at 5). The plaintiff assumes her fall was caused by stepping in the puddle and slipping. (*Id.* at 6-7). The plaintiff testified the puddle was larger than a baseball but could not say whether it was larger than a basketball. (*Id*. at 5). The plaintiff acknowledged that, had she looked down at the floor, she

could have seen the puddle from fifteen or twenty feet away; if she had seen the puddle, she would have avoided it. (*Id.* at 5-6). The plaintiff did not know how long the puddle had been on the floor, but she described it as a "fresh spill." (*Id.* at 6-7; Doc. 19-3 at 7). The plaintiff did not notice any tracks in the puddle and did not observe any other liquid on the floor. (Doc. 18 at 6-7).

There was another patron in the vicinity when the plaintiff fell—Assunita Susie Cooley. (Doc. 21 at 2). Ms. Cooley was shopping in the produce department when she "heard a commotion" and turned to see the plaintiff lying on the floor. (*Id.*). Ms. Cooley avers she did not initially notice any water on the floor when she looked in the plaintiff's direction. (*Id.*). However, upon closer inspection Ms. Cooley noticed "several water streaks or drops on the ground" around the plaintiff; she notes the "water was difficult to see because of the light, color of the floor, and clearness of the water." (*Id.*). Ms. Cooley followed the trail of water to a cart laden with fresh produce, which a Wal-Mart employee was using to restock the produce displays. (*Id.*). Ms. Cooley avers it was apparent "that the employee, and the cart he controlled, was the source of the water." (*Id.*). When Ms. Cooley spoke to the employee, he acknowledged he had been restocking items in the produce department. (*Id.*). Finally, Ms. Cooley avers that even after she notified the employee of the water on the floor, it was difficult for both of them to see it due to

"the pattern and coloring of the floor;" she states they could only see the water if they tilted their heads to a "certain angle." (*Id.*).

## III. DISCUSSION

The complaint asserts claims for negligence and wantonness under Alabama state law. (Doc. 1-1 at 2-10). The plaintiff did not respond to Wal-Mart's arguments concerning wantonness, which the undersigned construes as her abandonment of that claim. In any event, the plaintiff has not presented any evidence Wal-Mart acted with "a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3). Accordingly, there are no genuine issues of material fact regarding wantonness, and Wal-Mart is entitled to judgment as a matter of law as to this claim.

Wal-Mart seeks summary judgment on the grounds the water was an open and obvious hazard. (Doc. 18 at 8-13). In response the plaintiff argues traditional negligence—not premises liability—principles govern because the Wal-Mart employee was the source of the water on the floor; thus, whether the water was an open and obvious hazard is irrelevant. (Doc. 21 at 3-4). Alternatively, the plaintiff contends the water was not an open and obvious hazard. (*Id.* at 4-6). As explained below, the undersigned concludes this case is governed by premises liability theories—not traditional negligence. However, even applying premises liability principles, genuine issues of material fact preclude summary judgment on any negligence claim.

As the plaintiff notes, Alabama tort law distinguishes between situations in which traditional negligence or premises liability applies. *See Baldwin v. Gartman*, 604 So. 2d 347 (Ala.1992). The key inquiry in this regard is whether "the injury is caused by some affirmative conduct of the landowner, rather than by the mere condition of the premises." *Id.* at 349. In *Baldwin*, a concrete slab left unbalanced and unattended by the defendant's employee fell on an invitee on the defendant's premises. The plaintiff in *Baldwin* argued traditional negligence governed because the employee's conduct caused the injury. However, the Alabama Supreme Court disagreed, explaining "leaving the slab unattended did not, in and of itself, cause the injury; rather, it produced a dangerous condition." *Id.* The court found "[t]he balanced slab was a condition of the premises, no matter how briefly it was balanced," and the defendant's conduct was not the "immediate cause of injury." *Id.*

Thus, courts applying Alabama law draw a distinction between a dangerous condition created by a defendant and an actual injury directly caused by a defendant. *Compare Baldwin*, 604 So. 2d at 349, *and Rigsby v. United States*, No. 11-2314-WMA-TMP, 2013 WL 5230649, at *2 (N.D. Ala. Sept. 16, 2013) (box which plaintiff tripped over was a condition of the premises when employee left it on the floor before the fall), *with Powell v. Piggly Wiggly Ala. Distrib. Co.*, 60 So. 3d 921, 925-26 (Ala. Civ. App. 2010) (traditional negligence applied where employee struck plaintiff with a fork lift), *and Costa v. Sam's E., Inc.*, 524 F. App'x 548, 550 (11th

Cir. 2013) (traditional negligence applied where employee dislodged a box which struck plaintiff). Here, the plaintiff has presented evidence that Wal-Mart's employee created a dangerous condition by leaving water on the floor of the premises; there is no evidence the employee directly caused the plaintiff's injury. Accordingly, the wet floor was a condition of the premises. Premises liability principles apply.

To prevail on a claim for negligence under Alabama law, "a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." *Kmart Corp. v. Bassett*, 769 So. 2d 282, 284 (Ala. 2000) (quoting *Lowe's Home Centers, Inc. v. Laxson*, 655 So. 2d 943, 945-46 (Ala. 1994)). The liability of a premises owner turns on the classification given to the injured party. *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). Because the plaintiff here was a business invitee, Wal-Mart owed her a duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South*, 642 So. 2d 442, 445 (Ala. 1994).

The duty of a premises owner to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Harvell v. Johnson*, 598 So. 2d 881, 883 (Ala. 1992). This duty does not, however, convert a premises owner into an insurer of its invitees' safety. *Hose*

*v. Winn–Dixie Montgomery, Inc.*, 658 So. 2d 403, 404 (Ala. 1995). The mere fact an invitee is injured does not create a presumption of negligence on the part of the premises owner. *Id*. Rather, a premises owner is liable in negligence only if it "fail[s] to use reasonable care in maintaining its premises in a reasonably safe manner." *Id*. This duty requires a premises owner to "warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee." *Raspilair v. Bruno's Food Stores, Inc.*, 514 So. 2d 1022, 1024 (Ala. 1987). In other words, the duty is limited to hidden dangers; if a dangerous condition is open and obvious so that the invitee should be aware of it through the exercise of reasonable care, then the owner or occupier of the premises has no duty to warn the invitee. *Lilya v. Greater Gulf State Fair, Inc.,* 855 So. 2d 1049, 1054-55 (Ala. 2003). "A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee." *Douglas v. Devonshire Apartments, LLC*, 833 So. 2d 72, 74-75 (Ala. Civ. App. 2002). Of course, the open and obvious question is an affirmative defense for which a defendant bears the ultimate burden of proof. *Dolgencorp, Inc. v. Taylor,* 28 So. 3d 737, 742 (Ala. 2009).

At the summary judgment stage, a plaintiff must present substantial evidence her injury was the result of a defect or instrumentality on the premises, the defect was the result of the defendant's negligence, and the defendant had or should have

had notice of the defect before the time of the accident. *Hale v. Sequoyah Caverns & Campgrounds, Inc.,* 612 So. 2d 1162, 1164 (Ala. 1992). Where a business or its employees create the dangerous condition, the business is deemed to have actual notice of it. *Humphrey v. Wal Mart Stores E., LP*, No. 12-1786-RDP, 2013 WL 5707246, at *3 (N.D. Ala. Oct. 21, 2013); *Cook v. Wal–Mart Stores, Inc.,* 795 F. Supp. 2d 1269, 1273 (M.D. Ala. 2011); *Nelson v. Delchamps, Inc.,* 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997). Here, although Wal-Mart does not argue the point, the plaintiff has presented substantial evidence that a Wal-Mart employee was responsible for leaving water on the floor. Accordingly, the plaintiff has satisfied the notice requirement.

As to the open and obvious defense, Wal-Mart relies on the plaintiff's testimony that: (1) she had a clear view of the floor at all times; (2) the store was not crowded and was well-lit; (3) she did not look at the ground as she was walking; and (4) she could have seen the puddle from fifteen to twenty feet away if she had looked down. (Doc. 18 at 11-13). A different court sitting in this district has denied summary judgment in similar circumstances. *Humphrey*, 2013 WL 5707246, at *4 (rejecting open and obvious defense in slip-and-fall case where: (1) plaintiff did not look down at the floor prior to falling; and (2) if plaintiff had looked down, she could have seen the spill from 15 feet away). This court agrees with the rationale expressed in *Humphrey* and concludes that whether the plaintiff should have seen the puddle

9

is a question of fact for a jury. This is particularly true in light of Ms. Cooley's sworn statements regarding the difficulty in seeing the water in the produce department.

## IV. CONCLUSION

For all of the foregoing reasons, Wal-Mart's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 17). Specifically, the motion is **GRANTED** as to the plaintiff's claim for wantonness, and this claim is **DISMISSED**. The motion is **DENIED** in all other respects.

**DONE** this 12th day of August, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE